**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

FILED BY _____ D.O.

05 AUG 24 AM 11: 50

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| VICTOR ISIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2914-DV |
| | ) | JURY TRIAL DEMANDED |
| CRACKER BARREL OLD COUNTRY | ) | |
| STORE, INC. | ) | |
| A TENNESSEE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

The Parties have moved for a Protective Order in light of certain sensitive and confidential information held by each Party which is subject to production in this case pursuant to Rule 26 of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED pursuant to Rule 26 of the Federal Rules of Civil Procedure in order to protect sensitive, private and confidential information contained in documents that Defendant Cracker Barrel Old Country Store, Inc. produces to Plaintiff Victor Isip and which may be contained in documents Plaintiff Victor Isip produces to Defendant Cracker Barrel Old Country Store, Inc. that:

1.    For the purpose of this Order, the term "Confidential Information" means any documents, things, testimony, discovery responses, court papers, or other information or things that Defendant believes to contain confidential or proprietary information about Defendant, Defendant's policies, procedures and information related to its business, or information relating

M AXD 889859 v1
2789827-000013 07/25/05

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

to current or former employees of Cracker Barrel, statements of or about current or former Cracker Barrel employees, that Defendant produces to Plaintiff, and any copies or reproduction of such Confidential Information, or any portion thereof, or any information contained in or taken from the Confidential Information.  Confidential Information also means any documents, things, testing, discovery responses, court papers that Plaintiff believes to contain Confidential Information about Plaintiff, his tax returns and medical or psychological records that Plaintiff produces to Defendant, and any copies or reproduction of that Confidential Information, or any portion thereof, or any information contained in or taken ~~for~~ *from the* Confidential Information.

2.      Additionally, the term "Confidential Information" shall also mean any document, thing, testimony, response, letter, or other information or thing that either party has produced to any State or Federal agency including, but limited to, the Tennessee Department of Labor and Workforce Development, the Equal Employee Opportunity Commission, or the Tennessee Human Rights Commission.

3.      Pursuant to the Privacy Regulation of the Health Insurance Portability and Accountability Act of 1996, 45 CFR §164.512(e), the above-captioned action shall be governed by the following Qualified Protective Order:

a.      This Protective Order prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested.

b.      This Protective Order requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

2

4.      The recipients of any protected health information will not use such information or disclose such information to the public or to any third party for any purpose other than in connection with this litigation, and will not disclose such information to anyone other than persons entitled to access such information pursuant to this Order.

5.      Counsel for each party to this Protective Order shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any protected health information.

6.      The Confidential Information shall be stamped or otherwise marked "CONFIDENTIAL" by such party prior to using it in order for it to be subject to this order.

7.      Information designated as "CONFIDENTIAL" may be disclosed only to the following persons and only after those persons are informed of the contents of this Order and agree to be bound by its terms:

a.      Attorneys working for any party in connection with matters related to this dispute, including in house counsel and all employees of such attorneys to whom it is necessary that the material be shown to assist such attorney;

b.      Any outside expert or consultant who is expressly retained or sought to be retained by any party or attorney to help in preparing this action for trial;

c.      The individual plaintiff and the corporate parties' officers, directors, or current or former employees that Counsel for the Defendants deem necessary to participate in the conduct of this litigation;

d.      The corporate parties' officers, directors or current or former employees who are noticed for deposition or designated as potential trial witnesses and other persons who counsel for a party in good faith believes may be fact or expert witnesses to the extent deemed necessary by counsel to prepare the witness to testify;

3

    e.      The Court and its staff;

    f.      Independent court reporters employed by counsel or the Court in this action;

    g.      Persons preparing transcripts of depositions;

    h.      Outside copy and/or document service companies; and

    i.      The Jury in the trial of this matter.

8.      Notwithstanding anything to the contrary herein, information designated as "Confidential" may be disclosed to a person indicated as the author, direct recipient, or copy recipient of the confidential information.

9.      Any person who is given access to the Confidential Information, other than Court personnel, court reporters, the jury, copy service, and counsel in this case, shall first be provided with a copy of this Order.

10.      To the extent any person seeks to file any of the Confidential Information with the Court, such person shall file the Confidential Information under seal.

11.      In no event may any person who is given access to the Confidential Information as provided herein make copies for or allow anyone else to copy or disclose to anyone other than Plaintiff and Defendant's counsel any contents of the Confidential Information.

12.      All persons given access to the Confidential Information under the terms of this Order are permitted to use the Confidential Information and the information contained in the Confidential Information only for purposes of this lawsuit, and no person given access to the Confidential Information under the terms of this order may publish the Confidential Information, in whole or in part, or any of the information contained in the Confidential Information, or use the Confidential Information for any other purpose.

M AXD 889859 v1
2789827-000013  07/25/05

13.     Nothing in this Order shall be deemed a waiver of either Party's right to oppose, for any reason, the production or use in this action of information obtained from the Confidential Information.

14.     Upon the termination of this action, each Party shall assemble and shred or return to opposing counsel all Confidential Information and duplicates of the Confidential Information as well as all computer disks, notes, documents, and other things, including but limited to, summaries and abstracts, that contain or reflect restricted information from the Confidential Information.

15.     Nothing herein shall prevent disclosure beyond the terms of this Protective Order if each party consents to such disclosure, or the Court, after notice to all affected parties, orders such disclosure.  Nor shall anything herein preclude a party to the lawsuit or its attorneys from using a document or information designated as "CONFIDENTIAL" in the examination or cross-examination of any person who is an author, source, or recipient of the "CONFIDENTIAL" document or information, irrespective of which party or nonparty produced such information.

16.     This Order shall be without prejudice to the right of any party in this action to seek a further protective order or modification of this Order.

17.     This Order shall be without prejudice to the right of a party to bring before the Court at any time the issue of whether any person identified in this Order is or is not qualified to have access to the Confidential Information.

18.     This production of Confidential Discovery Material shall not in any way constitute a waiver of the parties to raise or assert any objections which may hereafter be raised or asserted, including but not limited to defenses or objections with respect to the use, relevancy or admissibility of any of the Confidential Discovery Material produced pursuant to this Order.

M AXD 889859 v1
2789827-000013  07/25/05

19.    The Court will retain jurisdiction even after the case is closed to enforce the provisions of this Order.


IT IS SO ORDERED.

Entered this 23rd day of *August* , 2005.


UNITED STATES ~~DISTRICT~~ JUDGE
*Magistrate*


APPROVED FOR ENTRY:


Robert M. Williams, Jr. (TN Bar No. 8653)
Angie C. Davis (TN Bar No. 20043)
BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC
2000 First Tennessee Building
165 Madison Avenue
Memphis, Tennessee  38103

*Attorneys for Defendant Cracker Barrel Old Country
Store, Inc.*


John R. Hershberger, Esq. (TN Bar No. 21519)
HERSHBERGER PRICE, PLLC
239 Adams Avenue
Memphis, Tennessee  38103

*Attorney for Plaintiff Victor Isip*


6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 2:04-CV-02914 was distributed by fax, mail, or direct printing on August 26, 2005 to the parties listed.

---

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Robert M. Williams
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

John R. Hershberger
HERSHBERGER PRICE, PLLC
239 Adams Ave.
Memphis, TN 38103

Angie Davis
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT